CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 13 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **KEVIN SNODGRASS, JR.,** | CASE NO. 7:16CV00091 |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| **CHRISTOPHER GILBERT, ET AL.,** | By: Glen E. Conrad |
| | Chief United States District Judge |
| Defendant(s). | |

Kevin Snodgrass, Jr., a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging that the defendant prison officials at Red Onion State Prison are using a classification policy that has been repeatedly applied in such a way as to keep him in long-term segregation without due process. Defendants have filed an answer, denying his allegations that the policies have violated his constitutional rights, and they are due to file a motion for summary judgment within a few weeks. Snodgrass has now filed a motion for a temporary restraining order and preliminary injunction. After review of the motion, the court concludes that it must be summarily dismissed.

Snodgrass's motion for interlocutory injunctive relief apparently complains that officials involved in his classification review proceedings have recently "conspired" to retaliate against him by rejecting as "nongrievable" his grievance about his classification hearing and status. (Mot. 2, ECF No. 20.) Snodgrass also alleges that as part of the retaliatory conspiracy, defendants have ignored certain elements of their own classification policies and have "deliberately cancelled [his weekly] group classes (6) times within a (8) week period (2-months)." (Id.) Snodgrass wants the court to order defendants "to ensure that he's able to

receive proper Due Process without RETALIATION and CONSPIRACY from the named Defendants" and exercise his rights to freedom of speech and access to courts. (Id. 1.)

The court concludes that Snodgrass has not alleged facts warranting the extraordinary relief he seeks. The party seeking a preliminary injunction must make a clear showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Such interlocutory injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Id. at 22. Because the primary purpose of injunctive relief is to preserve the status quo pending a resolution on the merits of the claims at issue in the litigation itself, interlocutory injunctive relief that changes the status quo before trial is discouraged as an illegitimate effort "to secure a piecemeal trial." Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980).

Snodgrass's factual allegations simply do not meet the four, required elements for the extraordinary relief he seeks. Most importantly, he presents no facts showing that any of the adverse actions of which he complains were motivated in any respect by his pending or prior lawsuits or occurred because of any conspiracy to deprive him of constitutional rights. Merely conclusory allegations of retaliation and conspiracy are not actionable under § 1983. Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994); Brown v. Angelone, 938 F. Supp. 340, 346 (W.D. Va. 1996). Furthermore, inmates have no constitutional right to a prison grievance procedure. Adams, 40 F.3d at 75. Therefore, elements of a grievance procedure that a state prison system chooses to create cannot implicate an inmate's constitutional rights. Id. Accordingly, Snodgrass

2

does not show any likelihood of success or any imminent, irreparable harm he is likely to suffer in the absence of the requested court intervention.

The court also cannot find that the balance of the equities or the public interest weigh in Snodgrass's favor so as to warrant the court's interlocutory interference in prison officials' discretionary classification decisions. The court thus finds no basis for deciding the due process issues of this case in the piecemeal fashion that Snodgrass's motion demands. Moreover, Snodgrass is reminded that § 1983 authorizes civil actions for violations of <u>constitutionally protected</u> rights. His continued litigation over every minor adverse event he encounters in prison will squander valuable court time and resources and slow the resolution of any potentially meritorious claims that he or other inmates may be attempting to present.

For the stated reasons, the court concludes that Snodgrass cannot make the necessary, four-factor showing that his situation warrants interlocutory relief and will deny his motion. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff and counsel of record for the defendants.

ENTER: This 13th day of July, 2016.

                                                  /s/ Conrad
                                           Chief United States District Judge