CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 17 2018

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| KEVIN SNODGRASS, JR., | ) | CASE NO. 7:16CV00091 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| CHRISTOPHER GILBERT, ET AL., | ) | By: Glen E. Conrad |
| | ) | Senior United States District Judge |
| Defendants. | ) | |

The plaintiff, Kevin Snodgrass, Jr., a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, raising multiple claims. The court has already adjudicated many of his claims regarding prison conditions. After review of the record, the court concludes that the three defendants remaining before the court are entitled to judgment. Snodgrass has also filed a motion for interlocutory injunctive relief that the court must dismiss.

The court has summarized the procedural history of this case in prior opinions, ECF Nos. 33 and 86. For reasons stated in those opinions, the court granted summary judgment on all claims except alleged retaliation for the plaintiff's litigation efforts, and adopted the Report and Recommendation of the magistrate judge regarding the results of a bench trial she had conducted on that claim on August 23 and 24, 2017. In light of the intervening court of appeals decision in Booker v. S.C. Dep't of Corr., 855 F.3d 533 (4th Cir. 2017), however, the court vacated the portion of the order granting summary judgment for defendants as to Snodgrass' claims that defendants Gallihar, Gilbert, and Stewart had delayed his progress through the segregation step-down program to retaliate against him for his informal complaints and grievances, an exercise of his constitutional right to petition. Specifically, the court found material disputes of fact as to whether these three defendants had threatened to hold Snodgrass longer in segregated confinement if he continued to file informal complaints and grievances, and as to whether in

retaliation for his filing such grievance forms, they made recommendations or decisions to hinder Snodgrass' progress in the step-down program. The court denied summary judgment as to these claims and referred the matter to Magistrate Judge Pamela Meade Sargent for further proceedings, pursuant to 28 U.S.C. § 636(b)(1)(B).

On July 17, 2018, Judge Sargent conducted an additional bench trial on the remaining claims and Snodgrass' motion for interlocutory injunctive relief.[1] The parties agreed that the judge could also consider evidence taken during the 2017 bench trial. The case is presently before the court on Judge Sargent's report and recommendation ("the report"), ECF No. 110, recommending judgment for the defendants, and Snodgrass' objections thereto, ECF No. 111.

The magistrate judge makes only a recommendation to this court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Although the district court may give a magistrate judge's proposed findings and recommendations "such weight as [their] merit commands and the sound discretion of the judge warrants," the authority and the responsibility to make an informed final determination remains with the district judge. United States v. Raddatz, 447 U.S. 667, 682-83 (1980).[2] Therefore, in performing a de novo review related to any party's objections, the district judge must exercise "his non-delegable authority by considering the actual testimony, and not merely by reviewing the magistrate's report and recommendations." Wimmer v. Cook, 774 F.2d 68, 76 (4th Cir. 1985).

---

[1] The docket reflects that the court notified Snodgrass well in advance that the July 2018 hearing should include evidence on the remaining retaliation claim as well as his motion for interlocutory injunctive relief. See ECF No. 94 (mailed to Snodgrass on May 17, 2018).

[2] The court has omitted internal quotation marks, alterations, or citations here and elsewhere in this memorandum opinion, unless otherwise noted.

2

To find in favor of Snodgrass, the court must be persuaded that he has proven each of the elements of his retaliation claims by a preponderance of the evidence. In re Winship, 397 U.S. 358, 371 (1970). Preponderance of the evidence means a fact is more probable than not. Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal., 508 U.S. 602, 622 (1993).

To prevail in a retaliation claim under Section 1983, a plaintiff's evidence must persuade the court that "(1) he engaged in protected First Amendment activity, (2) the defendant took some action that adversely affected his First Amendment rights, and (3) there was a causal relationship between his protected activity and the defendant's conduct." Martin v. Duffy, 858 F.3d 239, 249 (4th Cir. 2017), cert. denied, 138 S. Ct. 738 (2018). To rule in the plaintiff's favor, the fact finder must find it more likely than not that the defendant took the allegedly retaliatory act "in response to the [plaintiff's] exercise of a constitutionally protected right." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994).

Snodgrass objects to the report's characterization of certain testimony and documentation and its failure to interpret the evidence as proof of his asserted claims against the defendants. In light of these objections, the court has specifically conducted de novo review of the report and the items of evidence that Snodgrass has highlighted. From this review, the court concludes that the weight of the evidence fully supports the material factual findings and the legal conclusions of the report.

The 2018 report recognizes that Snodgrass exercised his First Amendment rights by filing numerous informal complaint forms and grievances. Some of the administrative remedy forms in the record include the names of one or more of the defendants. The report also finds that Snodgrass and his witnesses presented some evidence that the defendants made comments

3

suggesting a relationship between his filing of "paperwork" and his delayed progress in the Segregation Step-Down Program.[3] The defendants testified that they had never threatened Snodgrass with longer segregated confinement, and had never retaliated against him, because of his use of the grievance procedures. The 2018 report states that

> the evidence before the court does not persuade me that any of the delays in Snodgrass's progression through the Step-Down program were caused by actions taken by the defendants in an effort to retaliate against Snodgrass for exercising his right to petition by filing complaints and grievances. To the contrary, I continue to be persuaded that when Snodgrass encountered a delay, the delay was based on his own actions or his own failure to progress through the program.

Report 14, ECF No. 110.

From de novo review of the parties' evidence, the court likewise concludes that Snodgrass has not proven the causation element of his retaliation claim. The court is not persuaded that any of the defendants' classification decisions about Snodgrass' status were motivated by an intention to retaliate against him for his use of the grievance procedures. The step-down program is intended to change inmates' behavior and thinking to prepare them for safe reentry into a general population setting, and as such, it has several components. Some components are objective, including the requirement to remain free of new disciplinary infractions and the requirement to complete assigned portions of the Challenge Series workbooks. Another important component of the step-down program (and any prison security classification decision) is subjective, such as officials' weekly ratings of the inmate's behavior and their assessment of the level of risk he poses if released from segregation.

Witnesses testified that Snodgrass often received, and was notified of, poor behavior ratings, because he was not showing an appropriate level of respect. These low ratings were

---

[3] The 2017 and 2018 reports provide details about the step-down program that the court will not repeat here. Moreover, the court has already determined that officials' occasional misapplication of or failure to comply with step-down procedures does not rise to the level of a constitutional violation and thus, does not state any viable claim for relief under § 1983.

sufficient, per policy, to delay his progress toward less restrictive confinement conditions, regardless of whether he had completed required classes or books, or had avoided disciplinary charges. Moreover, Snodgrass has presented no evidence of retaliatory motive—of any reason that the defendants would keep him in the step-down program longer, merely because he filed grievances about them or his segregation classification. Overall, the court finds the greater weight of the more credible evidence to be that none of the defendants intentionally delayed Snodgrass' step-down progress because of his informal complaints or grievances.

Based on the material factual findings in the report and the court's own de novo review of the record as reflected in this opinion, the court concludes that Snodgrass has failed to prove his retaliation claims by a preponderance of the evidence. Accordingly, the court will overrule Snodgrass' objections to the report, adopt the report in its entirety, and enter judgment for the defendants.

Snodgrass' motion for interlocutory injunctive relief, ECF No. 92, seeks a transfer away from Wallens Ridge State Prison, where he is currently confined, to a lower security level prison facility. The three defendants remaining before the court are employees of Red Onion State Prison, not Wallens Ridge. It is undisputed that none of them has authority to have him transferred elsewhere. On this ground, the defendants have moved for dismissal of Snodgrass' motion, and the court will grant their motion. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants.

ENTER: This 17th day of December, 2018.

_____
Senior United States District Judge

5